O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | May 21, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. v. Trustifi Corporation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**     **(In Chambers) Order re: Remand**

     Pending before the Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendant's motion.

     On February 25, 2010, Plaintiffs RPost Holdings, Inc., RPost International Limited, and RMail Limited (collectively, "Plaintiffs") sued Defendant Trustifi Corporation ("Defendant") for patent infringement. Plaintiffs claim that they are the owners and licensees of United States Patent Nos. 6,182,219; 6,571,334; and 7,250,199 (collectively, the "Patents"). *See Compl.* ¶¶ 4-6. Defendant's e-mail authentication service, Trustifi Postmarked E-mail ("TPE"), allegedly infringes upon these Patents. *See id.* ¶¶ 8- 9. On April 2, 2010, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e).

     Defendant submits that Plaintiffs' Complaint should be dismissed because it fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Mot.* 4:16-25. The Court disagrees. Here, Plaintiffs allege (1) the asserted Patents, (2) that Plaintiffs are the owners and licensees of the Patents, (3) that Defendant is the alleged infringer, (4) that TPE is the alleged infringing product, and (5) that Defendant advertises, offers, and provides TPE. *See Compl.* ¶¶ 1, 4-6, 8-9. The Court finds that Plaintiffs have provided fair notice of their infringement claims.[1] Accordingly, the Court DENIES Defendant's Rule 12(b)(6) motion to

---

[1] According to the Patent Case Management Judicial Guide:
Infringement complaints are usually sparse and conclusory. Typically the holder

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | May 21, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. v. Trustifi Corporation | | |

dismiss. The Court also DENIES Defendant's request, in the alternative, for a more definite statement.

**IT IS SO ORDERED.**

---

will merely allege that a defendant is directly or indirectly infringing a patent. The asserted patents must be identified . . . . The Complaint should also provide a statement of ownership of the asserted patent, identify the accused infringer(s), [and] provide a brief statement of the alleged infringing acts.

Peter S. Menell *et al.*, Patent Case Management Judicial Guide § 2.2.3.1 (Federal Judicial Center 2009).