**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) Order Granting Plaintiffs' Motion to Dismiss Defendant's Counterclaim**

Pending before the Court is Plaintiffs' Motion to Dismiss and/or to Strike Counterclaim of Trustifi Corporation. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Plaintiffs' motion.

I. Background

On February 25, 2010 Plaintiffs RPost Holdings, Inc., RPost International Limited, and RMail (collectively, "Plaintiffs") filed suit against Defendant Trustifi Corporation ("Defendant") for infringement of multiple patents. Plaintiffs claim that they are the owners and licensees of United States Patent Nos. 6,182,219; 6,571,334; and 7,250,199 (collectively, the "Patents"). *See Compl.* ¶¶ 4-6. Defendant's e-mail authentication service, Trustifi Postmarked E-mail ("TPE"), allegedly infringes upon these patents. *See id.* ¶¶ 8- 9. On April 2, 2010, Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, to require Plaintiffs to provide a more definite statement under Rule 12(e), which this Court denied. *See Dkt.* # 20.

On June 23, 2010, Defendant filed both an Answer to Plaintiffs' Complaint and a Counterclaim, alleging that Plaintiffs engaged in unfair competition in violation of § 43(a) of the

**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

Lanham Act, 15 U.S.C. § 1125. *See Counterclaim* ¶¶ 1-2. In the Counterclaim, Plaintiffs' alleged violations of the Lanham Act stem from (1) the filing of this lawsuit, and (2) the issuance of a press release dated March 8, 2010 ("Press Release"), stating that Plaintiffs filed suit against Defendant and that TPE was a "delivery" service.[1] *See Counterclaim* ¶¶ 11-12. Defendant contends that the Press Release was false because their service is a "sending," not "delivery" service. *See Counterclaim* ¶ 12.

On July 15, 2010, Plaintiffs moved to dismiss the Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). *Dkt*. #32. Plaintiffs contend that (1) Plaintiffs' infringement suit does not violate § 43(a) of the Lanham Act, and (2) Plaintiffs' press release does not violate § 43(a) of the Lanham Act. *See Mot.* 9:9-11, 14-17.

II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action if the claimant fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint or counterclaim under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the counterclaim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a counterclaim that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

[1] Plaintiffs filed a copy of the Press Release with the motion to dismiss. As a general matter, "a district court may not consider any material beyond the pleadings in a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents which are not physically attached to a pleading may be considered on a Rule 12(b)(6) motion to dismiss if their contents are alleged in a complaint and no party questions their authenticity. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). To the extent that the Court relies on the copy of the Press Release, the Court notes that the contents of the it are alleged in Defendant's Counterclaim and neither party questions the attached copy's authenticity.

**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

(*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the counterclaim must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the counterclaim. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the non-moving party. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the claimant, the Court must determine whether the counterclaim alleges a plausible claim to relief. *See Ashcroft,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a claim from dismissal. *See id.*

III. Discussion

Defendant's Counterclaim attempts to paint Plaintiffs' lawsuit and their statements regarding the patent dispute as an unfair competition claim under § 43(a) of the Lanham Act–a statute normally understood to apply to false advertising. *See Zenith Electronics Corp. v. EXZEC, Inc*., 182 F.3d 1340, 1348 (1999); 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition 27:10. Defendants have two hurdles to clear before successfully making this claim. First, because of the conflict between patent law and unfair competition laws, an unfair competition claim based on marketplace statements may only be brought if the statements were made in bad faith. *Zenith,* 182 F.3d at 1343 (1999). Second, provided the offending statements were made in bad faith, Defendants must also meet the five-prong test under § 43(a) of the Lanham Act. Here, Defendants must sufficiently allege: (1) that Plaintiff made a false or misleading statement of fact in commercial advertising or promotion about alleged infringer's goods or services; (2) that the statement actually deceived or was likely to deceive a substantial segment of its intended audience; (3) that the deception was material in that it was likely to influence purchasing decisions; (4) that Plaintiff caused the statement to enter interstate commerce; (5) that the statement resulted in actual or probable injury to alleged infringer; and (6) that the statement was made in bad faith. *Id*. at 1348.

**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

A. The Lawsuit Itself as a Lanham Act Violation

Defendant claims that Plaintiffs' act of filing this patent infringement lawsuit constitutes an act of unfair competition under § 43(a) of the Lanham Act. *Counterclaim* ¶ 12. This issue was discussed by the Federal Circuit in *Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568 (Fed. Cir. 1996) and *Concrete Unlimited Inc. v. Cementcraft, Inc.*, 776 F.2d 1537 (Fed. Cir. 1985). In both cases, the Federal Circuit dismissed Lanham Act claims based on a patent-holder filing suit against an alleged infringer. As the Federal Circuit explained in *Zenith*, a Lanham Act claim must be based on a marketplace communication. *See Zenith*, 182 F.3d at 1351 ("*Concrete Unlimited*, like *Pro-Mold*, dealt with threats of and actual infringement suits; it did not involve marketplace assertions of infringement and inability to design around").

While *Zenith* upheld a Lanham Act claim arising from a patent infringement suit, it also made clear that an infringement suit alone, without accompanying marketplace statements, does not violate the Lanham Act. *Id.* ("the initiation of an infringement suit is clearly not covered by the text of § 43(a), while a communication to the customers of the accused infringer, in certain circumstances, may be"). Both *Concrete Unlimited* and *Pro-Mold* dealt with unfair competition claims based not on false or misleading statements, but on the fact that the patents were originally issued as a result of inequitable conduct at the Patent and Trademark Office. *See Zenith*, 182 F.3d at 1351. Because of the tension between federal patent and unfair competition laws, the *Zenith* Court held that an unfair competition claim must be based on marketplace statements made in bad faith, not abuse of the administrative or judicial system. *See id.* at 1349.

Accordingly, the lawsuit itself is not actionable under § 43(a), however, a cause of action based upon marketplace statements about the lawsuit, if made in bad faith, may survive a motion to dismiss. Such bad-faith statements were allegedly made in Plaintiffs' Press Release. *See Counterclaim* ¶¶ 11-12.

B. Statements Made in the Press Release

Defendants allege that Plaintiffs' Press Release, which communicated that (1) Plaintiff filed suit against Defendant, and (2) that TPE was a "delivery" service, constitutes a violation of

**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

§ 43(a).[2] *See Counterclaim* ¶¶ 11-12. As discussed, to be actionable under § 43(a), these statements must have been made in bad faith. *See Zenith*, 182 F.3d at 1353 ("[b]efore a patentee may be held liable under § 43(a) for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential infringement of the patent, the marketplace activity must have been undertaken in bad faith"). The bad faith requirement is in addition to the elements required by § 43(a) itself. *Id*.

1. Bad Faith

Acts constituting bad faith are to be determined on a case-by-case basis. *See Zenith* at 1354. Because patent law grants patent-holders the right to enforce their rights, "the law presumes that a patent holder acts in good faith when asserting rights in a duly granted patent." *Fisher Tooling Co., Inc. v. Gillet Outilliage*, No. CV 04-7550 (ABC) 2006 WL 5895307, at *7 (C.D. Cal., June 6, 2006) (*citing Springs Window Fashions LP v. Novo Industries, L.P*., 323 F.3d 989, 999 (Fed. Cir. 2003)). Only the presentation of affirmative evidence of bad faith, not mere allegations, may overcome this presumption and permit a Lanham Act claim. *Id*. In fact, Defendant must offer clear and convincing evidence that Plaintiffs' statement was objectively baseless and that it was made with knowledge of its incorrectness or falsity. *See Globetrotter Software, Inc. v. Elan Computer Groups, Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004); *Golan v. Pingel Enterprise, Inc.*, 310 F.3d. 1360, 1371 (9th Cir. 2002); *C.R. Bard. Inc. v. M3 Sys., Inc*., 157 F.3d 1340, 1369 (Fed. Cir. 1998). "If the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representation is made out." *Id*.

[2] In the Opposition, Defendant also claims that a third statement in the Press Release is a violation of the Lanham Act. Specifically, the Press Release rhetorically asks whether an infringing lawsuit against the Postal Service is possible and then answers, "we're not ruling that out." *Ben-Zvi Decl*., Ex. 1 at 3. The Counterclaim, however, states only: "RPost's complaint in this action and its March 8, 2010 press release are material, false and misleading because Trustifi does not infringe the patents at issue in this lawsuit and because it offers a proof of sending email service, not a proof of email delivery service, as asserted by RPost." *Counterclaim* ¶ 12. Therefore, the Court declines the opportunity to address an argument not raised in the Counterclaim.

**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

Defendant asserts bad faith on the grounds that (1) Plaintiffs have filed and dismissed patent infringement claims in the past, (2) Defendant determined that TPE did not infringe the Patents based on independent research, (3) Plaintiffs' complaint does not assert how TPE infringes the patents, (4) Plaintiffs made no effort to contact Defendant to inquire about TPE's relationship to the Patents, (5) Plaintiffs incorrectly described TPE as a proof of delivery service, when it is actually a proof of sending service, and (6) Plaintiffs brought suit 13 days after TPE was launched. *See Counterclaim* ¶ 28. These facts will be considered to the extent they relate to Plaintiffs' marketplace statements.

a. Statement that Plaintiffs' Filed Suit

Defendant argues that Plaintiffs violated the Lanham Act by stating, in the Press Release, that they recently sued Trustifi. Defendant bases this on allegations that Plaintiffs knew TPE did not infringe the Patents before issuing the Press Release, which communicated facts about the lawsuit to the marketplace. *See Counterclaim* ¶¶ 23, 25, 27. Defendant's belief that Plaintiffs had such knowledge, however, is not sufficient to overcome the presumption of good faith. *See Fisher*, 2006 WL 5895307, at *7 ("no matter how adamantly the complaining party believes them, mere allegations that the patent holder has acted in bad faith will not overcome this presumption").

None of the facts that Plaintiff cites as evidence of bad faith would tend to show by clear and convincing evidence that Plaintiffs' infringement claim was baseless. The fact that Plaintiffs filed infringement suits in the past against other parties has no bearing on this case and Plaintiffs' complaint was previously found to be legally sufficient by this Court. *See Dkt*. #20. Nor does Defendant's independent research, Plaintiffs' failure to contact Defendant, or the short time period before suit was filed establish that Plaintiffs knew that their claims were objectively baseless. If this Court accepted every party's independent research on an issue as true, all cases would end in a tie. In addition, it is unlikely that Plaintiffs could successfully contact Defendant and receive the necessary proprietary information to determine if Defendant was infringing. Defendant's allegations are not sufficient to establish Plaintiffs' bad faith.

In addition, Defendant claims that Plaintiffs must have known that TPE did not infringe the Patents based on its description on Defendant's website. *See Counterclaim* ¶¶ 16-27. This argument is unavailing, however, because Plaintiffs' statement to the marketplace that a lawsuit

**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

had been filed was objectively accurate. Even if the motive for a communication is to obtain a commercial advantage, a Patent holder communicating objectively accurate facts about patent rights is doing so in good faith. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998); *DCI Marketing, Inc. v. Justrite Mfg. Co.*, 213 F. Supp. 2d 971, 974 (E.D. Wisc. 2002). Plaintiffs' statement that it filed suit against Defendant is true and, even if the statement was made to secure a commercial advantage, it is not indicative of bad faith under the Lanham Act.

b. The Delivery v. Sending Statement

Defendant also contends that Plaintiffs' statement that TPE was a "delivery" service misrepresents the scope of Plaintiffs' patent rights and was made in bad faith. *See Counterclaim* ¶ 12. In order to survive, this claim must first meet the "threshold showing of incorrectness or falsity, or disregard for either…in the communication of information about the existence or pendency of patent rights." *Mikohn*, 165 F.3d at 897. Therefore, to show bad faith, Defendant must present affirmative evidence that (1) Plaintiffs' statement was not objectively true, and (2) Plaintiffs had no reasonable basis to believe that TPE was a delivery service. *Golan*, 310 F.3d at 1371.

Even assuming that the statement was not objectively true, Defendant has still failed to meet his pleading burden. Defendant contends that the statement is false and that Plaintiffs must have known that TPE was a "sending" service because of the information available on Defendant's website and through TPE itself. *See Counterclaim* ¶ 19. Rather than showing that Plaintiffs had knowledge of any falsity, however, Defendant provides facts which only reveal Defendant's own belief of infringement. Defendant describes TPE as providing "an official record that the email was *transmitted* at a precise date and time." *Counterclaim* ¶ 16 (emphasis added). However, the difference between what is sent, transmitted, and delivered is not so great that Plaintiffs must have known or disregarded the incorrectness of the statement. While TPE may indeed be a "sending" and not a "delivery" service, Plaintiffs' Press Release statement cannot support a finding of bad faith without additional facts. *See Golan*, 310 F.3d at 1371; *Isco Intern., Inc. v. Conductus, Inc.*, 279 F. Supp. 2d 489, 504 (D. Del. 2003). Defendant has not shown such knowledge and, as such, cannot establish bad faith.

**Link to doc # 32**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1416 PSG (SHx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | RPost Holdings, Inc. *et al.* v. Trustifi Corp. | | |

Because a lawsuit itself cannot be a Lanham Act violation, and because Defendant has failed to plead requisite bad faith, Defendant has failed to state a Lanham Act claim in the Counterclaim.[3]

IV. Conclusion

Based on the foregoing, Defendant has failed to state a Lanham Act violation and Plaintiffs' Motion to Dismiss the Counterclaim is GRANTED with LEAVE TO AMEND. Failure to file an amended Counterclaim by **November 1, 2010** will result in dismissal of the Counterclaim with prejudice.

**IT IS SO ORDERED.**

[3] Because the Court grants Plaintiffs' Motion to Dismiss, the Motion to Strike is moot.