1  Laura K. Christa, SBN 97319
   lchrista@christalaw.com
2  CHRISTA & JACKSON
   1901 Avenue of the Stars, Suite 1100
3  Los Angeles, California 90067
   Telephone:  (310) 282-8040
4  Facsimile:   (310) 282-8421

5  Attorneys for Defendant
   Trustifi Corporation

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED, | **Case No. CV10-01416-PSG (SHx)** |
| 12 | |
| 13              Plaintiffs, | **STIPULATION TO PROTECTIVE ORDER** |
| 14       vs. | |
| 15  TRUSTIFI CORPORATION, | |
| 16              Defendant. | |
| 17 | Complaint Filed:  February 25, 2010 |

18

19

20

21

22

23

24

25

26

27

28

737.00

STIPULATION TO PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, a party to the action or a third party from whom discovery is sought may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, purchases, transfers, identification of customers, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential" or "confidential – attorneys' eyes only" under the terms of this order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. With respect to documents produced in electronic form, the party designating the information as confidential shall indicate in a manner sufficient to advise any person receiving the information that the information has been so designated.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter

taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order, shall execute a nondisclosure agreement in the form of Attachment A, and provide the original executed Attachment A to the counsel who asked him/her to execute it.  Counsel shall retain all executed Attachment As and, if ordered by the Court, provide copies of them to counsel for the other parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in

paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but, except as stated hereafter, shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.  If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed under seal until further order of this Court.  Counsel shall comply with L.R. 79.5.

10.  In the event that any Confidential Material or Attorney's Eyes Only Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and obtaining documents and information from third parties without involving the Court unnecessarily in the

1 process. Nothing in this Order nor the production of any information or document under
2 the terms of this Order nor any proceedings pursuant to this Order shall be deemed to
3 have the effect of an admission or waiver by either party or of altering the confidentiality
4 of nonconfidentiality of any such document or information or altering any existing
5 obligation of any party or the absence thereof.

6     13.    This Order shall survive the final termination of this action, to the extent that
7 the information contained in Confidential Material or Attorney's Eyes Only Material is
8 not or does not become known to the public, and the Court shall retain jurisdiction to
9 resolve any dispute concerning the use of the information disclosed hereunder. Upon
10 termination of this case, counsel for the parties shall assemble and return to each other all
11 documents, material and deposition transcripts designated as confidential and all copies
12 of same, or shall certify the destruction thereof.

Dated: October 20, 2010

BEN-ZVI & ASSOCIATES
Henry Ben-Zvi


By_____/s/_____
    Attorneys for Plaintiffs and Counter-
    Defendants, RPost, et al.

Dated: October 20, 2010

CHRISTA & JACKSON
Laura K. Christa


By_____/s/_____
    Attorneys for Defendant and
    Counterclaimant, Trustifi Corporation

APPROVED AND SO ORDERED:

DATED: October 28, 2010

_____
HON. STEPHEN J. HILLMAN
Chief Magistrate Judge

Attachment A

<u>NONDISCLOSURE AGREEMENT</u>

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>RPost, et al. v. Trustifi Corporation</u>, United States District Court for the Central District of California, Civil Action No. CV10-01416-SPG, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____  _____

CHRISTA & JACKSON
1901 AVENUE OF THE STARS, SUITE 1100
LOS ANGELES, CALIFORNIA 90067-6002
TEL: 310.282.8040   FAX: 310.282.8421

73700
- 6 -
STIPULATION TO PROTECTIVE ORDER