1  Jacob J. Stettin, Bar Number 89315
   P.O. Box 480432
2  Los Angeles, CA 90048-1432
   Tel. (323) 934-5373
3  Fax (801) 409-8996

4  Attorney for Defendant
   TRUSTIFI CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUSTIFI CORPORATION AND UNITED STATES POSTAL SERVICE,<br><br>Defendants. | CASE NO. CV10-01416 PSG (SHx)<br>[CONSOLIDATED WITH CASE NO. CV11-02118 PSG (SHx)]<br><br>**PROTECTIVE ORDER** |

On October 28, 2010, this Court entered a protective order in Civil Action No. CV10-1416-PSG. The United States Postal Service ("Postal Service"), which was not a Defendant in that action, was not a party to that protective order. On October 17, 2011, this Court consolidated Civil Action No. CV11-2118-PSG with Civil Action No. CV 10-1416-PSG, and, on October 25, 2011, Plaintiff filed its First Amended Complaint in the consolidated case, including claims against the Postal Service. Because the Postal Service was not a party to the October 28, 2010 protective order, and upon consideration of the parties' proposed Protective Orders and for good cause shown, IT IS ORDERED that discovery produced subject to the

1  October 28, 2010 order shall be protected by this Protective Order and the following
2  Protective Order is hereby ORDERED:

### SCOPE

3   

4  1.  This Protective Order shall govern all documents produced or disclosed
5  in this action, or any information disclosed from those documents during a
6  deposition or any pleadings filed with this Court, in this Action by any party (the
7  "Designating Party") to the other parties ("the Receiving Parties"). A Designating
8  Party need not be a party to this Action. Documents subject to this Protective Order
9  may be documents in the possession, custody or control of any person, including but
10 not limited to parties to this Action.

11 2.  Each Designating Party may designate as confidential for protection
12 under this Order, in whole or in part, any document, information or material that
13 constitutes or includes, in whole or in part, confidential or proprietary information
14 or trade secrets of the Designating Party or a Third Party to whom the Party
15 reasonably believes it owes an obligation of confidentiality with respect to such
16 document, information or material ("Protected Material"). Protected Material shall
17 be designated by the Designating Party producing it by affixing a legend or stamp
18 on such document, information or material as follows: "CONFIDENTIAL." The
19 word "CONFIDENTIAL" shall be placed clearly on each page of the Protected
20 Material (except deposition and hearing transcripts) for which such protection is
21 sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall
22 be placed on the cover page of the transcript (if not already present on the cover page
23 of the transcript when received from the court reporter) by each attorney receiving
24 a copy of the transcript after that attorney receives notice of the designation of some
25 or all of that transcript as "CONFIDENTIAL."

26 3.  Any document produced before issuance of this Order with the

designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

4. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

5. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED -ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ) may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected

Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties ;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or

expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel;

(h) the mediator; and

(i) any witness during a deposition, subject to the restrictions of paragraph 15 of the Protective Order.

6. A Designating Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Designating Party or a Third Party to whom the Designating Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as

1  DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this
2  Action and shall not be used for any other purpose. Any person or entity who obtains
3  access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order
4  shall not make any copies, duplicates, extracts, summaries or descriptions of such
5  DESIGNATED MATERIAL or any portion thereof except as may be reasonably
6  necessary in the litigation of this Action. Any such copies, duplicates, extracts,
7  summaries or descriptions shall be classified DESIGNATED MATERIALS and
8  subject to all of the terms and conditions of this Order.

9        8.     To the extent a producing Party believes that certain Protected Material
10 qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination
11 deserves even further limitation, the producing Party may designate such Protected
12 Material "RESTRICTED --ATTORNEYS' EYES ONLY," or to the extent such
13 Protected Material includes computer source code and/or live data (that is, data as
14 it exists residing in a database or databases) ("Source Code Material"), the producing
15 Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL
16 SOURCE CODE."

17       9.     For Protected Material designated RESTRICTED -- ATTORNEYS'
18 EYES ONLY, access to, and disclosure of, such Protected Material shall be limited
19 to individuals listed in paragraphs 5(a-c) and (e-hg); provided, however, that access
20 by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who
21 exercise no competitive decision-making authority on behalf of the client.

22      10. For Protected Material designated RESTRICTED CONFIDENTIAL
23 SOURCE CODE, the following additional restrictions apply:
24      (a)    Access to a Party's Source Code Material shall be provided only on
25 "stand-alone" computer(s) (that is, the computer may not be linked to any network,
26 including a local area network ("LAN"), an intranet or the Internet). The stand-alone

computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)   The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)   Access to Protected Material designated RESTRICTED CONFIDENTIAL -SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit,

expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the

1  Court for any proceedings(s) relating to the Source Code Material, for the dates
2  associated with the proceeding(s); (ii) the sites where any deposition(s) relating to
3  the Source Code Material are taken, for the dates associated with the deposition(s);
4  and (iii) any intermediate location reasonably necessary to transport the printouts or
5  photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

6      (k)  A producing Party's Source Code Material may only be transported by
7  the receiving Party at the direction of a person authorized under paragraph 10(e)
8  above to another person authorized under paragraph 10(e) above, on paper or
9  removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via
10 hand carry, Federal Express or other similarly reliable courier. Source Code Material
11 may not be transported or transmitted electronically over a network of any kind,
12 including a LAN, an intranet, or the Internet. Source Code Material may only be
13 transported electronically for the purpose of Court proceeding(s) or deposition(s) as
14 set forth in paragraph 10(j) above and is at all times subject to the transport
15 restrictions set forth herein. But, for those purposes only, the Source Code Materials
16 may be loaded onto a stand-alone computer.

17 ~~11.   Any attorney representing a Party, whether in-house or outside counsel,~~
18 ~~and any person associated with a Party and permitted to receive the other Party's~~
19 ~~Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY~~
20 ~~and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY~~
21 ~~SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise~~
22 ~~learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL~~
23 ~~under this Order shall not prepare, prosecute, supervise, or assist in the preparation~~
24 ~~or prosecution of any patent application pertaining to the field of the invention of the~~
25 ~~patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor,~~
26 ~~or other affiliate during the pendency of this Action and for one year after its~~
27
28

conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such

documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. If only a portion of the deposition or hearing transcript is DESIGNATED MATERIAL, then the section that is DESIGNATED MATERIAL shall be separately bound. Access to the deposition or hearing

1  transcript so designated shall be limited in accordance with the terms of this Order.
2  Until expiration of the 30-day period (which does not begin to run until the date
3  when the Designating Party receives the final transcript), the entire deposition or
4  hearing transcript shall be treated as confidential.

5    16. The parties shall comply with Local Rule 79-5 for submitting to the
6  Court papers consisting of, relating to, containing, incorporating, reflecting,
7  describing or attaching DESIGNATED MATERIAL. All DESIGNATED
8  MATERIAL contained in documents used at trial and in all post-trial proceedings
9  shall become public unless a separate court order is obtained upon motion and
10 sufficient cause shown. In that respect, nothing herein shall prejudice any parties'
11 rights to object to the introduction of any DESIGNATED MATERIAL into evidence,
12 on grounds, including, but not limited to, relevance and privilege. Any
13 DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and
14 shall remain under seal until further order of the Court. The filing party shall be
15 responsible for informing the Clerk of the Court that the filing should be sealed and
16 for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE
17 ORDER" above the caption and conspicuously on each page of the filing. Exhibits
18 to a filing shall conform to the labeling requirements set forth in this Order. If a
19 pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on
20 confidential documents, information or material, such confidential portions shall be
21 redacted to the extent necessary and the pleading or exhibit filed publicly with the
22 Court.

23   17. The Order applies to pretrial discovery. Nothing in this Order shall be
24 deemed to prevent the Parties from introducing any DESIGNATED MATERIAL
25 into evidence at the trial of this Action, or from using any information contained in
26 DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order

issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A..

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have

ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance

of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28. This Protective Order shall supercede the protective order entered by the Court in Civil Action No. CV10-1416-PSG on October 28, 2010, and all discovery produced subject to that order shall be protected by this Protective Order.

ENTERED AND ORDERED this 26th day of Jan., 2012.

_____
Hon. Stephen J. Hillman
United States Magistrate Judge

# APPENDIX A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in RPost, et al. v. Trustifi Corporation, United States District Court for the Central District of California, Civil Action No. CV10-01416-PSG (consolidated with Civil Action No. CV11-2118-PSG), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Signature _____

Date _____